UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>LEO ANSEN VEZINA,<br><br>    Defendant. | Case No. 4:21-cr-00035-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendant Leo Ansen Vezina's First Motion to Sever (Dkt. 75) and Second Motion to Sever (Dkt. 92).[1] The Government filed a response opposing the First Motion to Sever. Dkt. 77. Vezina did not file a reply brief and instead filed the Second Motion to Sever, in which he makes identical arguments. Thereafter, the Government filed a response to the Second Motion to Sever. Dkt. 104. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral

---

[1] The Second Motion to Sever also contained an objection to a continuance. Dkt. 92. The Court granted the continuance over Vezina's objection, so that issue is now resolved. Dkt. 97.

argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1 (d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motions.

## II. BACKGROUND

Vezina is one of four defendants charged in the indictment. Dkt. 1. Vezina is only charged in Count Two for attempted possession with intent to distribute controlled substances on or about September 29, 2020.

On that day, Idaho State Police stopped a silver Kia Forte on the interstate after observing two traffic violations. The driver was Brett Groth, one of the codefendants. A search of the vehicle and of Groth's person yielded five plastic bags containing methamphetamine with a gross weight of approximately 2,250 grams, packing materials, a broken meth pipe, and drug ledger, and approximately $4,250 in cash. Groth informed law enforcement that he was delivering methamphetamine to three individuals: "Kelly," "Leo," and "Jacob." Groth provided descriptions of each individual and phone numbers for each individual.

As part of its discovery obligations, the Government produced a document referencing a post-arrest interview of Groth in which he directly implicates Vezina. Dkt. 75-1. Vezina contends that admitting the Groth Interview or testimony as to its contents would violate his constitutional rights, so Vezina requests that this Court sever his case for trial from all other defendants, or in the alternative, at least sever his trial from the trial of Groth.

### III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8, a prosecutor may elect to charge multiple counts and defendants in one trial. The primary justification for joinder is efficiency. 1A C. Wright & A. Miller, *Federal Practice and Procedure* § 142 (5th ed. 2021). Other vital interests served through joinder include judicial economy, reliability, and consistency. *Id.* Together, these interests have created "a preference in the federal system for joint trials of defendants who are indicted together," and consequently "[j]oint trials play a vital role in the criminal justice system." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Specifically, regarding joinder of defendants, Rule 8(b) provides that "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). It further states that "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id.* Rule 8(b) balances "the need to avoid potential prejudice that may result from joining multiple defendants with the need to attain trial efficiency." *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978).

Rule 14 operates in close conjunction with Rule 8 and empowers courts to provide relief from prejudicial joinder, including ordering separate trials of counts, severing the defendants' trial, or providing any other relief that justice requires. Fed. R. Crim. P. 14(a). And "once defendants are properly joined under Rule 8(b), courts routinely apply the

presumption that parties who are indicted together should be tried together." Wright & Miller, *supra*, § 224.

Consequently, if defendants were properly joined under Rule 8(b), "a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (cleaned up). Naturally then, "the burden is on the defendant to make a strong showing of prejudice to obtain the relief permitted by Rule 14." *Id.*

## IV. DISCUSSION

### A. Joinder

The Court first addresses whether joinder of the Defendants was appropriate and, ultimately, finds that it was.

Federal Rule of Civil Procedure 8(b) permits the Government to join Defendants in one trial, as long as the counts arise from the same series of acts or transactions constituting an offense or offenses. Moreover, "all defendants need not be charged in each count." Fed. R. Crim. P. 8(b). So, even though all Defendants must have somehow participated in the series of acts from which the charges arose, Rule 8(b) does not require each Defendant to have participated in every act or transaction in the alleged series. *United States v. Heck*, 499 F.2d 778, 789 (9th Cir. 1974). Rule 8 is thus generally treated as a pleading rule, and courts determine the propriety of joinder based on the allegations in the indictment.

Joinder is appropriate here. All charges in this case arise out of one continuous series of events occurring on a single day, September 29, 2020. Vezina does not argue otherwise.

### B. Severance

While the purpose of Rule 8 is efficiency, Rule 14's purpose is mitigating any prejudicial effect proper joinder might present.[2] Trials involving more than one defendant naturally create risks for the accused, such as being found guilty by association or the jury failing to distinguish defendant-specific pieces of evidence. Wright & Miller, *supra*, § 224. Even so, any prejudicial effect joinder might have cannot overcome the preference of a joint trial unless there is a serious risk of compromising a specific trial right or prevent the jury from making a reliable decision. *Zafiro*, 506 U.S. at 539.

Vezina raises two reasons for severance. First, he argues that the jury may not be able to compartmentalize evidence. Second, he argues that the potential use of Groth's statements would upend his Sixth Amendment rights. The Court is not persuaded by either.

*1. The Jury's Reliability*

"The ultimate question on whether the jury can make a reliable determination of guilt is whether the jury was able to compartmentalize the evidence as it relates to separate defendants." Wright & Miller, *supra*, § 224 (cleaned up). Vezina argues that it is unreasonable to expect any jury to compartmentalize the evidence against Groth from spilling over to prejudice Vezina, even if the jury was given limiting instructions.

"Some prejudice necessarily inheres when defendants are joined for trial. However, if all that was necessary to avoid a joint trial were a showing of prejudice, there would be few, if any, multiple defendant trials." *United States v. McDonald*, 576 F.2d 1350 (9th Cir.

---

[2] Still, in reviewing a claim for severance, "[s]erious consideration must be given to judicial economy." *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 157 (2019).

MEMORANDUM DECISION AND ORDER - 5

1978). Severance is not the sole means the Court can employ to mollify Vezina's concerns about prejudice. Rule 14(a) permits the Court to "provide any other relief that justice requires." Fed. R. Civ. P. 14(a). Courts traditionally employ jury instruction to correctly corral any prejudicial evidence. *See, e.g.*, *Zafiro*, 506 U.S. at 539 (reasoning that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"); *see also United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) ("Where the district court uses great diligence in instructing the jury to separate the evidence, severance is unnecessary because the prejudicial effects of the evidence of codefendants are neutralized."). Vezina fails "to demonstrate with sufficient particularity how a limiting instruction would not cure the potential risk of prejudice or be inadequate." *United States v. Correia*, 2018 WL 3242688, at *3 (D. Nev. July 2, 2018). Therefore, the Court will not sever Vezina's trial for this reason.

    2. *The Confrontation Clause and* Bruton

Having determined that a joint trial would not prevent a jury from making a reliable judgment about guilt or innocence, the Court turns to *Zafiro*'s other consideration: whether a joint trial would seriously risk compromising a specific trial right. *Zafiro*, 506 U.S. at 539.

In a post-arrest interview, Groth allegedly confessed and directly implicated Vezina. Vezina argues that admission of that interview or testimony as to its content would violate *Bruton v. United States*, 391 U.S. 123 (1969), by denying Vezina his right to confront Groth through cross examination.

The Government agrees that co-defendants have made specific admissions regarding Vezina and that those admissions implicate *Bruton*. However, the Government believes that the issue can be cured. The Court agrees with the Government.

Under the Sixth Amendment's Confrontation Clause, criminal defendants have the right "to be confronted with witnesses against" them. U.S. Const. amend. VI. "A defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201 (1987) (articulating the *Bruton* Rule); *see also United States v. Parks*, 285 F.3d 1133, 1138 (9th Cir. 2002). However, the *Bruton* Rule is not violated when "the confession is redacted to eliminate not only the defendant's name but any reference to his or her existence." *Richardson*, 481 U.S. at 211.

At trial, the Government intends to admit any codefendant's post-arrest admissions that inculpate that codefendant but omit any post-arrest statements to investigators by a codefendant that identify or inculpate Vezina. Although these procedures presumably mitigate any *Bruton* issue, the Government must toe a fine line. By denying this Motion, the Court is not giving the Government carte blanche.

Although the Government's plan has sufficiently satisfied the Court at this juncture, the Government must vigilantly ensure that its use of any Codefendants' statements will not be impermissibly used against Vezina. Likewise, the Court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). And, if the Court becomes unsatisfied with the

Government's preventative procedures, nothing restrains the Court from severing the Defendants sua sponte. Fed. R. Crim. P. 14(a).

To avoid such an outcome, the Government must ensure that omissions and redactions sufficiently cure any *Bruton* issues. Simply removing the Defendants' names may not be enough. "Redactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obviously indications of alteration leave statements that so closely resemble *Bruton*'s unredacted statements that the law must require the same result."[3] *Gray v. Maryland*, 523 U.S. 185, 186 (1998) (cleaned up). This is for three reasons. First, the redaction might not be materially distinguishable from the unredacted confession, so the jury will "realize that the confession refers specifically to the defendant." *Id.* Second, an obvious deletion "may well call the jurors' attention specifically to the removed name." *Id.* "By encouraging the jury to speculate about the reference, the redaction may overemphasize the importance of the confession's accusation—once the jurors work out the reference." *Id.* Third, "*Bruton*'s protected statements and statements redacted to leave a blank or some other similarly obvious alternation, function the same way grammatically: They point directly to, and accuse, the nonconfessing codefendant." *Id.* So, with these potential hazards in mind, the Government must tread lightly to ensure that any redactions sufficiently protect all Defendants' constitutional rights.

---

[3] *See also* Wright & Miller, *supra*, § 245. ("Sometimes removing references to the other defendants will make the statement incoherent. Other times it can create the false impression that defendant acted alone. To combat these problems, prosecutors have tried replacing the name of the other, non-speaking defendant with a letter or symbol, indicating that another person was involved but not implicating the defendant by name. Even this procedure has risks, however, as it may still highlight the fact that another person was involved, and the context can make it obvious that codefendant is that person.").

MEMORANDUM DECISION AND ORDER - 8

Furthermore, although redactions can solve a *Bruton* defect, there is not a bright line delineating an insufficient redaction. *See Johnson v. Superintendent Fayette SCI*, 949 F.3d 791, 796 (3d Cir. 2020). Instead, "courts take a holistic approach when considering redacted confessions by viewing the redaction in the context of the entire record. *Id.* At this juncture, the Court does not know precisely which statements the Government will seek to admit or how those statements are redacted. But, if the Court ends up finding such measures insufficient, the Court will take further action to ensure that Vezina's rights are protected. Additionally, nothing prevents Vezina from filing further mitigating motions, such as motions in limine or proposed jury instructions.

## V. CONCLUSION

In this instance, joinder was appropriate. Vezina did not meet the heavy burden of demonstrating prejudicial joinder. Therefore, the Court DENIES Vezina's First Motion to Sever (Dkt. 75) and Second Motion to Sever (Dkt. 92).

## VI. ORDER

The Court HEREBY ORDERS:

1. Vezina's Motion to Sever (Dkt. 75) is DENIED.
2. Vezina's Second Motion to Sever (Dkt. 92) is DENIED.

DATED: May 5, 2022

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9