UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LEO ANSEN VEZINA,<br><br>    Defendant. | Case No. 4:21-cr-00035-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is a Motion to Withdraw filed by David Heida. Dkt. 223. Upon review, and for the reasons set forth below, the Court GRANTS Heida's request.

## II. BACKGROUND

Throughout the course of this litigation, Defendant Leo Ansen Vezina has had five attorneys. The Court recently received counsel David Heida's Motion to Withdraw.

The Court warned Vezina at his last hearing[1] to discharge his attorney that if the one remaining attorney[2] could not take the case, he would either need to represent himself pro se or retain his own counsel. Dkt. 187.

---

[1] This hearing was held on January 20, 2023. Dkt. 187.
[2] David Heida was the only remaining attorney that had not represented a co-defendant or Vezina.

MEMORANDUM DECISION AND ORDER - 1

### III. DISCUSSION

Vezina, like all criminal defendants, has "a constitutional right to effective counsel." *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010). But he does not have the right to the counsel of his choice; that is, "to have a specific lawyer appointed by the court and paid for by the public." *Id*. "There must be limits on the ability of a defendant to gain new counsel when the defendant is acting unreasonably and especially where appointing new counsel would require a continuance with a consequent disruption to the court process." *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009). Indeed, the unilateral disruptions of a defendant are insufficient to necessitate appointing counsel. *Cf. United States v. Kenney*, 724 F. App'x. 551, 554 (9th Cir. 2018) ("Kenney's unilateral decision to refuse to meet with counsel likewise does not necessitate appointing new counsel. Kenney was already on his fourth lawyer, and there is no indication he would have cooperated with a fifth for any length of time.").

Here, the Court construes Vezina's actions as nothing more than an effort to delay the judicial process and there are limits this Court is not willing to go beyond. The Court will allow Mr. Heida to withdraw. However, the Court will not appoint Vezina another attorney. Vezina must represent himself pro se or hire retained counsel of his own choice.

Vezina has a constitutional right to effective appointed counsel, and he has cost himself that right by his actions. All five of his court-appointed attorneys have asked to withdraw. *See* Dkts. 34, 62, 162, 179, 223. As the Ninth Circuit has held that a defendant can lose the right to have new counsel after his fourth lawyer when there is no indication he would cooperate with a fifth, it is clear that it is appropriate to not appoint new counsel

for Vezina when he has had five lawyers and there is no indication he would cooperate with a sixth for any length of time. *Kenney*, 724 F. App'x. at 554.

According, the Court will grant Heida's Motion to Withdraw and Vezina will need to appear pro se or hire retained counsel. **Vezina should be mindful that he will be bound by the deadlines of the Court, is expected to follow the rules governed by the Federal Rules of Criminal Procedure and the Idaho Local Rules, that he has a duty to speak the truth, and that he can be sanctioned for sharing falsehoods in any filings. To be clear, Vezina is responsible for meeting the deadlines previously imposed by this Court. That includes filing any objections to the Presentence Report in a timely manner.**

## IV. ORDER

The Court HEREBY ORDERS:

1. Heida's Motion to Withdraw (Dkt. 223) is GRANTED. Counsel is instructed to serve a copy of this decision on Vezina.

DATED: October 16, 2023

_____
David C. Nye
Chief U.S. District Court Judge